Mr. James P. Beadle Satellite Beach City Attorney 5205 Babcock Street, Northeast Palm Bay, Florida 32905
Dear Mr. Beadle:
On behalf of the City of Satellite Beach, you ask the following questions:
1. May a city create new and separate classifications for certain businesses or occupations?
2. May a city decrease the amount of an occupational license tax for certain businesses or occupations during its biennial review of such taxes, if the city determines that the fee for such businesses or occupations is not reasonable under section 205.043, Florida Statutes?
In sum:
1. There is no statutory authority for a municipality to create new and separate classifications for businesses or occupations during the biennial review of its occupational license taxes.
2. Current statutory provisions contemplate that a municipality may increase occupational license taxes during its biennial review, but no statutory provisions authorize a reduction in such taxes.
Due to the interrelation of your questions, they will be answered together.
You state that the City of Satellite Beach adopted an ordinance amending its occupational license tax structure pursuant to the procedures in section 205.0535, Florida Statutes, to impose a uniform tax rate for all businesses and occupations within the city.[1] Questions have been raised, however, regarding the fairness of such a system when applied to individuals who must obtain an occupational license even though they are working under persons who also have an occupational license. The most prevalent example is a real estate salesperson who works for a real estate broker. The city wishes to decrease the amount of tax that is assessed against such individuals based upon section 205.043(1)(a), Florida Statutes.
Section 205.043(1)(a), Florida Statutes, states that the levy of an occupational license tax by a municipality "must be based upon reasonable classifications and must be uniform throughout any class." Taken alone, this subsection offers no authority for amending a municipality's occupational license tax system. In this instance, the City of Satellite Beach has reclassified the businesses and occupations that are subject to the occupational license tax pursuant to section 205.0535, Florida Statutes. Such reclassification and the restructuring of a municipality's tax rates must have occurred by October 1, 1995, after consideration of recommendations made by an equity study commission.[2] When the conditions in section 205.043, Florida Statutes, have been met, municipalities may biennially "increase by ordinance the rates of local occupational license taxes by up to 5 percent."[3]
For those municipalities that did not adopt an occupational license tax ordinance or resolution by October 1, 1995, section 205.0315, Florida Statutes, authorizes the adoption of such an ordinance or resolution. The City of Satellite Beach's ordinance, however, was adopted prior to October 1, 1995, and may not be amended or re-enacted pursuant to this section.
A municipality's taxing power is limited to that which is expressly or by necessary implication conferred.[4] Moreover, where the Legislature has prescribed the manner in which something is to be accomplished, it operates as a prohibition against its being done in any other way.[5]
This office has previously concluded that the procedures in section205.0535, Florida Statutes, are the means by which a municipality may reclassify businesses and occupations and restructure its occupational tax rates, when the municipality has adopted its occupational license tax ordinance or resolution by October 1, 1995.[6] A review of Chapter 205, Florida Statutes, does not reveal any other manner in which local governments with existing occupational license tax ordinances are authorized to restructure their occupational license tax rates.
On several occasions, this office has addressed the authority of a municipality to alter its occupational license tax ordinance, through the exemption of certain categories of occupations or businesses or by decreasing the rates for a particular classifi-cation. In the absence of legislative authorization, this office has determined that no such alterations may be made.[7] Given the number of instances where local governments have sought to make such alterations, it may be advisable to seek legislative changes to provide the necessary authority.
Accordingly, it is my opinion that under existing state law, the City of Satellite Beach may not create new and separate classi-fications for businesses or occupations, nor may it decrease the rates of taxation during the biennial review of its occupational license tax ordinance.
Sincerely,
Richard E. Doran Attorney General
RED/tls
[1] Section 205.0535(1), Fla. Stat., states that "[b]y October 1, 1995," a municipality may by ordinance reclassify businesses, professions and occupations and may establish new rate structures if certain conditions are met.
[2] See, s. 205.0535(1)-(2), Fla. Stat.
[3] Section 205.0535(4), Fla. Stat.
[4] See, e.g., Ops. Att'y Gen. Fla. 90-23 (1990) (city may not provide for the rebate of ad valorem taxes collected on newly annexed property, absent constitutional or statutory authority allowing such action); 80-87 (1980) and 79-26 (1979) (munici-pality has no home rule powers with respect to the levy of excise or non-ad valorem taxes and exemptions therefrom, as all such taxing power must be authorized by general law).
[5] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944);Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State,335 So.2d 815, 817 (Fla. 1976).
[6] See, Op. Att'y Gen. Fla. 95-46 (1995). Cf., Op. Att'y Gen. Fla. 96-83 (1996) (county not authorized to enact a new occupational license tax ordinance under s. 205.0315, Fla. Stat., but is limited to increasing taxes levied on occupational licensees to amount based on rates adopted in existing ordinance).
[7] See, Ops. Att'y Gen. Fla. 2002-25 (2002) (biennial review of municipality's occupational license tax ordinance may not be used to exempt certain categories of occupations); 2000-63 (2000) (municipality lacks authority to review or alter terms of occupational license tax ordinance prior to its next biennial review); 2000-01 (2000) (city may not exempt specific business from occupational licensing requirement absent exemption under Ch. 205, Fla. Stat.).